MDR

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Duby, by and through Next Friend Katie Zimmer, | No.    CV-25-08053-PCT-JAT (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| State of Arizona, | |
| Respondent. | |

On March 13, 2025, Katie Zimmer (Zimmer) submitted a letter (Doc. 2) addressed to the Clerk of Court stating that she was submitting a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and a Motion for Emergency Release Pending Habeas Corpus Review (Doc. 3) as a "next friend" on behalf of Petitioner Bradley Duby, who is currently confined in the Yavapai County Detention Center.  The Court will deny Zimmer's request to proceed as Petitioner's "next friend," dismiss the Petition and this action without prejudice, and deny as moot the Motion for Emergency Release.

In her letter, Zimmer purports to submit the § 2254 Petition "under the 'Next Friend' doctrine (28 U.S.C. § 2242), which allows a third party to seek habeas corpus relief for an incarcerated person who is unable to do so themselves."  She claims Petitioner is "unable to submit this petition himself due to his restricted access to legal mail and court filing services while in custody."

. . . .

Zimmer attaches to her letter an "Affidavit in Support of Next Friend Standing." In that document, she states Petitioner is "unable to file legal motions himself," is incarcerated, and "does not have legal representation for his domestic violence conviction." She avers Petitioner "has been denied access to post-conviction relief by the state courts" and has been "denied meaningful access to the courts, making it impossible for him to challenge his unconstitutional conviction without assistance." Zimmer states the Arizona courts "have refused to accept filings on [Petitioner's] behalf unless submitted by an attorney."

Zimmer also contends she has a "significant relationship" with Petitioner and a "vested interest in ensuring justice in his case." Zimmer states that "[a]s his partner, [she has] direct knowledge of the constitutional violation that led to his wrongful conviction" and has "witnessed firsthand the impact of his unlawful detention." Finally, she avers she is "acting solely in [Petitioner's] best interest," she has "no personal financial gain or ulterior motives in filing [the] petition," and her "sole intent is to ensure that [Petitioner's] constitutional rights are protected and that he is granted fair legal proceedings."

First, it is improper to communicate by mailing a letter directly to the Clerk of Court, the judge, or any court personnel. Any request for action by the Court must be in the form of a motion that complies with the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules).

Second, under Article III of the United States Constitution, a federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). A litigant demonstrates standing by showing that he or she has suffered an injury in fact that is fairly traceable to the challenged action and is redressable by a favorable judicial decision. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). Zimmer has no standing on her own in this habeas corpus action.

However, "next friend" standing "has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore*, 495 U.S. at 162. "Most frequently, 'next friends'

appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Id.* Indeed, 28 U.S.C § 2242 provides: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" (Emphasis added.) A "next friend" does not become a party to the habeas corpus action, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163.

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* To qualify for "next friend" standing, a "next friend" must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and "must have some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Zimmer does not provide an adequate explanation why Petitioner cannot appear on his own to prosecute this habeas corpus action. Her assertion that Petitioner is "unable to file legal motions himself" is nothing more than a vague and conclusory allegation without any factual support. Zimmer contends Petitioner "has been denied access to post-conviction relief by the state courts" but alleges nothing to suggest Petitioner cannot appear on his own to prosecute a *federal* habeas corpus action. Moreover, simply because Petitioner is incarcerated and lacks legal representation does not prevent him from prosecuting this habeas corpus action on his own. Indeed, many habeas corpus petitioners appearing in this Court are in the same situation.

Zimmer's assertions that she has a "significant relationship" with Petitioner as his "partner" and is "acting solely in [his] best interests" are similarly conclusory. Indeed, the allegations in the Petition indicate Zimmer does not live with Petitioner and Petitioner was

arrested and "charged the domestic violence and drug paraphernalia possession" as the result of "an argument between Petitioner and [Zimmer]."

Because Zimmer has failed to meet her burden, the Court will deny her "next friend" status and will dismiss this action.[1]

If *Petitioner* wants to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction, he must file his petition on a court-approved form **in a new action**, accompanied by either the statutory filing fee or an Application to Proceed In Forma Pauperis. As a courtesy to Petitioner, the Court will direct the Clerk of Court to send *Petitioner* the court-approved forms for filing a petition for writ of habeas corpus and an Application to Proceed In Forma Pauperis. **Petitioner may not, however, file those documents in this action; he must file a new action**.

**IT IS ORDERED:**

(1)    Katie Zimmer's letter (Doc. 2) seeking next friend status on behalf of Petitioner is **denied**.

(2)    The Petition for Writ of Habeas Corpus (Doc. 1) and this action are **dismissed without prejudice**, and the Clerk of Court must **enter judgment** accordingly.

(3)    The Motion for Emergency Release Pending Habeas Corpus Review (Doc. 3) is **denied as moot**.

(4)    The Clerk of Court must send *Katie Zimmer* a copy of this Order at 905 South Eastern Avenue, Apartment 2019, Las Vegas, Nevada 89123.

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] The Court notes that Zimmer did not file the Petition on a court-approved form, pay the filing fee for this action or apply to proceed in forma pauperis, or name a proper respondent.

(5)     The Clerk of Court must mail *Petitioner* (not Katie Zimmer) a copy of this Order and the current court-approved forms for filing a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty)" **and** an Application to Proceed In Forma Pauperis (Habeas).

Dated this 15th day of April, 2025.


James A. Teilborg
Senior United States District Judge

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

                Petitioner,

v.                                              CASE NO. _____

_____ ,
                                                **APPLICATION TO PROCEED**
                Respondent(s).                  **IN FORMA PAUPERIS**
                                                **BY A PRISONER**
                                                **(HABEAS)**


        I, _____, declare, in support of my request to proceed in the
above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for
these proceedings or to give security therefor and that I believe I am entitled to relief.

        In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently employed at the institution where you are confined?     ☐Yes        ☐No
    If "Yes," state the amount of your pay and where you work.     _____

    _____

    _____

2.  Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
    If "Yes," state the source and amount of the payments.   _____

    _____

    _____

Revised 3/15/16                                  1

3.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                              ☐Yes          ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____


    I declare under penalty of perjury that the above information is true and correct.


    _____                _____
            DATE                                         SIGNATURE OF APPLICANT


    _____


                    CERTIFICATE OF CORRECTIONAL OFFICIAL
                    AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

    I, _____, certify that as of the date applicant signed this application:
            (Printed name of official)

    The applicant's trust account balance at this institution is:    $_____.


    _____
DATE              AUTHORIZED SIGNATURE         TITLE/ID NUMBER              INSTITUTION


                                          2

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.  You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.  You should **file your petition in the division where you were convicted**.  *See* LRCiv 5.1(b).  If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division.   If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.   If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division.  *See* LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

| | | |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.   You must immediately notify the Court and respondents in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.   You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis). Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.   Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

      A certificate of service should be in the following form:

      I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name: _____
Address:_____
              Attorney for Respondent(s)

_____
(Signature)

9. <u>Amended Petition</u>.   If you need to change any of the information in the initial petition, you must file an amended petition.   The amended petition must be written on the court-approved petition for writ of habeas corpus form.   You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.   LRCiv 15.1.   An amended petition may not incorporate by reference any part of your prior petition.   LRCiv 15.1(a)(2).   **Any grounds not included in the amended petition are considered dismissed**.

10. <u>Exhibits</u>.   If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging. **Do not submit any other exhibits with the petition.**   Instead, you should paraphrase the relevant information in the petition.   The respondents are obligated to provide relevant portions of the record.

Any exhibits you attach should be individually labeled (e.g. "Exhibit 1," "Exhibit 2," etc.) and attached at the **end** of your petition.  **Exhibits should not be placed in the middle of your petition.**

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Warnings</u>.

a.  <u>Judgment Entered by a Single Court</u>.  You may challenge the judgment entered by only one court.  Multiple counts which resulted in a judgment by the same court may be challenged in the same petition.   If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

b.  <u>Grounds for Relief</u>.  You must raise all grounds for relief that relate to this conviction or sentence.   Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

c.  <u>Exhaustion</u>.  In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.  If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed.   If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Petitioner)

Petitioner,

v.

_____ ,
(Name of the Director of the Department of
Corrections, Jailor or authorized person having custody
of Petitioner),

Respondent,
and
The Attorney General of the State of _____ ,

Additional Respondent.

CASE NO. _____
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)**

## PETITION

1. (a)  Name and location of court that entered the judgment of conviction you are challenging: _____
   _____
   _____

   (b)  Criminal docket or case number: _____

2. Date of judgment of conviction: _____

3. In this case, were you convicted on more than one count or crime?     Yes ☐     No ☐

**530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____
_____
_____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____
_____
_____

6.  (a) What was your plea?

   Not guilty                              ☐
   Guilty                                  ☐
   Nolo contendere (no contest)            ☐

   (b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give
   details: _____

_____
_____
_____

   (c)  If you went to trial, what kind of trial did you have?   (Check one) Jury ☐ Judge only ☐

7.  Did you testify at the trial?        Yes ☐          No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☐        No ☐

   If yes, answer the following:

   (a)  Date you filed: _____

   (b)  Docket or case number: _____

   (c)  Result: _____

   (d)  Date of result: _____

   (e)  Grounds raised: _____

_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

2

9.  Did you appeal to the Arizona Supreme Court?   Yes ☐          No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____
    _____
    _____
    _____
    _____
    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____
    _____
    _____
    _____
    _____
    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?   Yes ☐          No ☐

    If yes, answer the following:

3

(a)   First Petition.

    (1)   Date you filed: _____

    (2)   Name of court: _____

    (3)   Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)   Docket or case number: _____

    (5)   Result: _____

    (6)   Date of result: _____

    (7)   Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)   Second Petition.

    (1)   Date you filed: _____

    (2)   Name of court: _____

    (3)   Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)   Docket or case number: _____

    (5)   Result: _____

    (6)   Date of result: _____

    (7)   Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)   Third Petition.

(1)   Date you filed: _____

(2)   Name of court: _____

(3)   Nature of the proceeding (Rule 32, special action or habeas corpus): _____

(4)   Docket or case number: _____

(5)   Result: _____

(6)   Date of result: _____

(7)   Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)   Did you appeal the action taken on your petition, application, or motion to the:

|  | Arizona Court of Appeals: | | Arizona Supreme Court: | |
|---|---|---|---|---|
| (1)   First petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (2)   Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3)   Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e)   If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.   State the <u>facts</u> supporting each ground.

   **CAUTION:**   To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.   Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE**: _____

_____

_____

_____

_____

    (a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?   Yes ☐          No ☐

(c) If yes, did you present the issue in a:
        Direct appeal       ☐
        First petition       ☐
        Second petition    ☐
        Third petition     ☐

(d)   If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court?   Yes ☐          No ☐

**GROUND TWO**: _____

_____

_____

_____

_____

_____

    (a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?   Yes ☐        No ☐

(c) If yes, did you present the issue in a:
        Direct appeal       ☐
        First petition       ☐
        Second petition     ☐
        Third petition       ☐

(d)   If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why:   _____

_____

_____

_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?   Yes ☐        No ☐

**GROUND THREE**: _____
_____
_____
_____
_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?   Yes ☐         No ☐

(c) If yes, did you present the issue in a:
      Direct appeal       ☐
      First petition       ☐
      Second petition    ☐
      Third petition      ☐

(d)   If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: _____
_____
_____
_____
_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?   Yes ☐         No ☐

**GROUND FOUR**: _____

_____

_____

_____

_____

(a)   Supporting FACTS (Do not argue or cite law.   Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?   Yes ☐      No ☐

(c) If yes, did you present the issue in a:
           Direct appeal        ☐
           First petition         ☐
           Second petition      ☐
           Third petition         ☐

(d)   If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why:   _____

_____

_____

_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?   Yes ☐      No ☐

9

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐        No ☐

   If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.   Attach a copy of any court opinion or order, if available:  _____

_____

_____

_____

_____

_____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?      Yes ☐        No ☐

   If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:  _____

_____

_____

_____

_____

_____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?   Yes ☐        No ☐

   If yes, answer the following:

   (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

   (b)   Date that the other sentence was imposed:  _____

   (c)   Length of the other sentence:  _____

   (d)   Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?        Yes ☐        No ☐

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

\*Section 2244(d) provides in part that:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of-

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

or any other relief to which Petitioner may be entitled.   (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).


_____

**Signature of Petitioner**


_____    _____

Signature of attorney, if any                              Date

11